FILED

2008 Nov 10 AM 10:30

CLERK U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
CANTON

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
|  | ) |  |
|  | ) | CASE NO. 08-61720 |
| BRUCE BOND, | ) |  |
|  | ) | JUDGE RUSS KENDIG |
| Debtor. | ) |  |
|  | ) | MEMORANDUM OF OPINION |
|  | ) | (NOT INTENDED FOR |
|  |  | PUBLICATION) |

This matter is before the Court on the objection of Canton Financial ("Creditor") to the confirmation of the Chapter 13 plan of Bruce Bond ("Debtor"), arguing that the plan should and does not provide for payment of Creditor's claim as fully secured. For the reasons set forth below, the Court denies confirmation of Debtor's plan.

The Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L). The following constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 7, 2007, Debtor purchased a 1993 Mazda 626 with 123,396 miles on it from Kar 42 in Mansfield, Ohio, for a total sale price of $1282.30. Kar 42 provided $1182.30 in financing and took a first priority security interest in the car. On August 14, 2007, Debtor obtained a loan from Canton Financial in the amount of $540.00 and granted Canton Financial a second priority lien on the car in return. This lien is reflected on the certificate of title issued on August 15, 2007, a copy of which was supplied to the Court with Creditor's objection.

On May 23, 2008, Debtor filed for protection under Chapter 13 of the Bankruptcy Code. On July 22, 2008, Creditor submitted a proof of claim for a secured claim in the amount of $1,273.96, claiming that none of the value was unsecured. The Black Book values for this vehicle range from $275 (wholesale in "rough" condition) to $2400 (retail in "clean" condition). Kar 42 has not filed a proof of claim in the case and no other creditors in the claims register have

filed claims claiming to be secured by the first lien on the vehicle; however, the claims bar deadline does not expire until December 8, 2008. On Debtor's Schedule D, he did not schedule any other creditors holding an interest in the car.

Debtor filed his most recent proposed Chapter 13 plan on August 20, 2008. One of the plan's special provisions reads "1993 Mazda surrendered to Canton Financial." Creditor filed its objection on September 24, 2008, claiming that Debtor is incapable of surrendering the vehicle because Debtor neither possesses the vehicle nor owns title to it anymore. Title to the vehicle was tranferred to Fourth Street Auto Center, a repair shop, on February 22, 2008, after Debtor failed to pay the repair bill. Title was transferred yet again to a third party on February 28, 2008, when the repair shop sold the vehicle to another private owner. Neither party can explain how a new title was issued in spite of Creditor's lien. Creditor therefore argues that Debtor's plan is unconfirmable because it proposes to do something that Debtor lacks power to do, and that Debtor's plan should be modified to allow Creditor the value of its secured claim in full.

## LEGAL ANALYSIS

Creditor is correct that there is not a robust body of case law on the issue of whether a debtor can surrender a motor vehicle when the debtor lacks both possession and title of the vehicle. Creditor cites an unpublished decision from Georgia, Hospital Authority Credit Union v. Smith (In re Smith), 207 B.R. 26 (N.D. Ga. 1977), in which the court held that the debtor could not "surrender" a vehicle to a secured creditor within the meaning of 11 U.S.C. § 1325(a)(5)(C) merely by informing the secured creditor of its location when that location was a repair shop that might itself be asserting a lien on the vehicle, and that "surrender" required more than mere abandonment of the secured property. This Court does not take issue with either of these propositions. However, in addition, there is a simpler and far more well-established rationale for holding that this plan is unconfirmable as proposed: under 11 U.S.C. § 1325(a)(3), a plan must be "proposed in good faith and not by any means forbidden by law," and Debtor cannot in good faith propose to surrender a vehicle not titled in his name that he doesn't possess.

Creditor's prayer for relief both objected to Debtor's plan and sought a modification of the plan to allow Creditor protection as a fully secured creditor. Because there is no plan, there is nothing to modify, so this part of Creditor's prayer for relief must fail. However, Creditor's objection to confirmation will be granted by a separate order to be entered concurrently with this opinion.

/s/ Russ Kendig
---
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

2

**Service List:**

Robert Goldberger
13 Park Ave W
#300
Mansfield, OH 44902

Bruce Bond
86 Parkwood Blvd
Mansfield, OH 44906

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702

Steven Schwartz
7100 Whipple Ave. NW, Suite B
North Canton, OH 44720